Mr. Alton? Could not help but notice that smile. It's always nice to come back after lunch and have smiling lawyers. Now you get a hope that we'll be smiling. May I please the court? My name is Jeff Alford. I'm here on behalf of the appellate of the Valley View School District 365U. As I was going through this case again this morning, and I don't mean to give short shrift to the findings of fact that I think were made against the manifest way to the evidence, but I think what this case really turns on and what's central to this appeal are what procedures are required of hearing officers and the hearings that are employed in a remediation process under Section 2485 of the school code. And I think if you look, and I can go back over these in more detail, but the steps and procedures here that were missed or are not done appropriately by the hearing officer here are really material. First off, the hearing officer didn't cause a record to be made. It's hard to go over manifest findings of fact when you don't have the written transcript. He's required to do that under the school code. He failed to make specific findings of fact in his opinion. He failed to specify, excuse me, he applied an incorrect burden of proof. And again, I can go over all these in more detail. But, you know, I mean, if you go through the list here, it's really harsh. He failed to even consider, much less give weight to the 2485 evaluations that were done of Ms. Reed. He required testimony from the consulting teacher during the remediation process. And when the school code specifically says you can't do that, the consulting teacher cannot testify. He also failed to issue the opinion within 30 days, which drew a lot of focus in the briefs. That is a requirement under the school code. We can get into that a little bit more. And he also failed to specify in the written order here that the order was a final order subject to the administrative review law. Now, if you take one of these aspects, one of them may be enough to vacate or reverse. If you take all of them cumulatively, clearly the process that was afforded the school district here was not appropriate. I think it's fair to say that if you were to give the type of procedure and the type of process that was required under the school code, under the Administrative Procedures Act, we would be here in a much different posture. That leads to the question of, and again I'll go back in more detail, but what to do about it. Under the Administrative Procedures Act, if the act is not complied with, it's void. The agency decision is void. I'd argue, and I think I argued in the briefs, that void means you reverse. The opinion of the hearing officer here should require reversing. You've seen in the case law and the defined case that actually involved Bailey View School District from long ago, courts have been apt to vacate and remand back to the hearing officer for a subsequent hearing that does comply with the substantive requirements of the statutes. We'd obviously prefer reversal, but if this court decides to go in that direction, we're not going to argue with that procedure either, because I think given what we have in the record with respect to this remediation process, I think it's fair to say that we will be able to prove our case down below. All right, let me go back through some of these things that I just mentioned in passing. First off, the hearing officer shall cause a record of the proceedings to be kept and shall employ a competent recorder to take stenographic notes. That's in the school code. That's a direct quote from Section 2412 of the school code. That's also a requirement of the Illinois State Board of Education regulations that pertain to these hearings. He didn't do that here. Instead, he pulled out a recording device of some sort in, I'm not sure if it was an iPhone or something, but recorded it on his iPhone. We don't have a written transcript here. That means that the ISPE here, who is represented by the Attorney General in this appeal, they did not file a copy of the transcript as part of the record down below. That's their obligation under the ISPE regulations and the Code of Civil Procedure. If you look at the Kramer case where that happened, the court reversed and remanded specifically solely for that reason. The Kramer case has not been addressed by either of the two appellees in their briefs. I think it controls here. We don't have a transcript. Of course, that always makes me a little nervous because I'm the appellant. I know there's case law out there that says the appellant is obliged to produce a complete record of the transcripts below or proceedings below. In this instance, the ISPE regulations and the Code of Civil Procedure place that burden on the agency, not the appellant. I'd argue that that basis is a strong enough basis all on its own to require a reversal and remand back to the hearing officer. Second off, and this is another big topic, he failed to make specific findings of fact in his written order. You've got the written order attached to my brief as an appendix. What he does, if you look at it, is he talks about, here's the testimony from the, he first off he sets forth some historical facts, which are fine, but he talks then about, here's the testimony from the school district, here's the testimony from the tenured teacher, and that's it. He then suddenly jumps to legal conclusions. Is there anything inaccurate in his recitation of, this is the testimony? I don't think there is. I mean, it's hard for me to answer that question, first off, because I don't have the written transcript. So it's difficult for me to tell you, you know, yes, he made a mistake when he said this, or he made a mistake when he said that, because I can't, I don't have anything to match it up to. However, that being said, as far as his historical facts are concerned, I think he's accurate. And I don't think there's been any debate here about, or any question raised as to the procedures that were afforded, you know, whether we gave her the appropriate process, whether the remediation reviews were issued on time, all of that, there's no question that everything was done correctly. The only reason for my question, it goes back to the lack of the record. And that is, the hearing officer really details what the testimony was, and I don't see anybody arguing that the recitation of what happened at the hearing is inaccurate, or incomplete. Again, it's difficult for me to address that question, because I can't match it up to a record. I can't tell you. The hearing officer told everybody before the hearing started, hey, I don't have a court recorder, I'll record it, is that okay? So why isn't that waiver? I knew that question was coming. I've got two answers to waiver. The first is, there are some things you just can't waive. I mean, if it's required by statute, you can't waive. If I was to go into the driver's license facility tomorrow, if my daughter was 14, and say, we're hearing a driver's license, I'll go ahead and waive the requirement that she needs to be 16. They would say, no, I'm sorry, you can't do that. It's a statute, it has to be 16. Here, we've got statutes that say, you know, you shall pause a record to be created. You shall make specific findings of that. I mean, it's all shalls. It's not mays, it's shalls. And, obviously, there's a big distinction there in the law. So, I don't think it's waivable, number one. Is the tape record available? If it was, we don't have it. The hearing officer said somewhere that he recorded it, and once he does his order, he destroys it. It's just done on a phone. Fair enough. So, we don't have that to review. The second response I would have on waiver, I guess I'd actually approve. We're dealing here with an agency, and an agency is limited in its jurisdiction to what's contained in the enabling statute. The enabling statute here specifically requires some of these procedures that were not done here to be performed by the hearing officer. It's in the statute itself. It's not a rule, it's not a procedure, it's in the enabling statute. So, I'd argue that if it's in the enabling statute, an agency can't go beyond or do something different or other than what's contained in the statute. And if it proceeds in this fashion, in this hearing, and who knows, maybe in other hearings as well, it's going beyond what it's allowed to do in its jurisdiction under the statutes. And the third response I have to waiver is something that I recall from long ago. Way back when I was a clerk, I remember an appellate argument where the attorney said, and I'm sure you guys have heard it before, you know, when you don't have the facts, you argue the law. When you don't have either the facts or the law, you argue waiver. Well, waiver's a limitation on the parties, not the court. Given the severe flaws in the process that occurred here, I think that in the interest of justice, you guys should still consider any issues, even if waiver could apply, which I don't think it can. So in light of that, in addition to that, I mean, I think the only proof in the record that that occurred, because obviously it was a transcript, was an affidavit from the hearing officer that was submitted on appeal before the circuit court below. Well, that affidavit shouldn't even have been considered. I mean, that's not something, I mean, it's, and I'm sure you guys know this, it's a three-tiered process here that we're dealing with. We've got the hearing officer proceeding. That gets appealed to the circuit court as if the circuit court is the appellate court. And then it comes up again before you guys. So, you know, any evidence that was submitted that's new at the circuit court level is almost like me submitting an affidavit to this court. That shouldn't be allowed. It shouldn't be considered. So was there an objection in the circuit court? There was not. There you go with that waiver again. And again, I'll give back to the same points I just raised. I appreciate the comment. I interrupted your train of thought. You were going through the deficiencies in the hearing, and I think we're fast approaching the correct burden of proof if I'm following along correctly. Exactly. Thank you. Here, the quote that's contained right in his report, actually I've got to stand back because my eyes are starting to go. The hearing officer wrote, the burden of proof is on the employer to prove that the respondent was an unsatisfactory school psychologist. That's not correct. That's not accurate. Here, all we have to do is to show that by a preponderance of the evidence, and this is under the statute, 2485, which then adopts the 2412 procedures, that the tenured employee failed to complete the remediation plan with a satisfactory or better rating, which constituting cause for the dismissal. And that's also under the case of Powell v. Board of Education, issued by this court. When you get the burden of proof wrong, the hearing is not appropriate. And as this court had did, I believe it was this court, in the Ingalls case that we cited in the brief, you know, when the hearing officer, the agency determination, when you get the burden of proof wrong, a reversal and a remand is at the least is what is required. I mean, he wasn't judging things, even if we knew what it was he was judging, which we can't because we don't have the transcript, he was applying the wrong burden to what he saw and what he heard. So in light of that factor alone, again, reversal or vacation is required. Repeat again what you think the judge, or excuse me, the hearing officer should have been considering. And this comes from the case of the Powell v. Board of Education. You mean the burden of proof? Yeah. By a preponderance of the evidence, did the tenured employee fail to complete their mediation plan with a satisfactory or better rating, constituting cause for dismissal? And you agree that's what you had to show the hearing officer? Yes. Because it flies in the face of the argument you're making before us, that you were saying you had no burden to do anything. The burden was unreasonable. If I gave that impression, I was mistaken. Obviously the burden was on us to prove that she did not complete her remediation plan. Okay. And I concede that. Okay. And if there's some reason why I gave that misimpression, I apologize. You know, today I've been mistaken a couple of times, and that's the benefit of oral argument. So please proceed. Did he not state the burden correctly several times in his order? I don't think he did. And I reread the order ten minutes ago, before you guys showed up here this morning. He did not state what the burden was, other than the quote that I just read you, which completely gets it wrong. And, you know, again, we don't have the transcript. Perhaps he was announcing an oral decision. Perhaps he said it differently. But we don't have the transcript to say what he said orally. So I think, based on the record that we have, and based on his words contained in his very own opinion, I think he got it wrong. I think the burden of proof he applied was incorrect. Counsel, your question. Oh, thank you. He failed. The statute requires him to consider the 24A evaluations. We have a very detailed evaluation here. I mean, the amount of written proof here is quite detailed. Now, what we saw in cases like Spangler is the hearing officer lists every single charge, if you will, that's contained in the ultimate finding, and says, here's the evidence on that charge. Here's why I'm finding that's warranted or not warranted. Well, we don't have the benefit of that here. Matter of fact, he discounts the 24A5 reports by saying, well, all the principal did here, the evaluator, was she just testified from her reports. That's exactly what she's supposed to do. Just like he got it completely wrong when he required the testimony of the consultant teacher. The statute, the only school code, provides the exact opposite, and that's the statute that we cited in the brief. He comes out and he says, you know, the consultant teacher never testified. Exactly, she's not supposed to. And on that basis, he also makes the inappropriate conclusion that we didn't comply with the school code. Well, we didn't comply with the school code. I mean, there's nothing in the procedures that we did here that was incorrect. I know I've only got a couple of minutes. Let me briefly touch on the findings of fact that were made that were against the manifest weight. He incorrectly found that the district here failed to provide Reed with a satisfactorily complete remediation plan. Or that she failed to satisfactorily complete a remediation plan. He found incorrectly that Reed was not provided with adequate opportunity to be evaluated or undergo a fair and impartial remediation plan. And he, again, concluded that VVSD did not comply with the requirements of the school code. These were just conclusions that he throws out at the end of his opinion. He doesn't have any specific facts backing these up. So unless we know, first off, what it was he was basing these legal conclusions upon, it's hard to say, yeah, this was on the manifest weight or this was against the manifest weight or not. But clearly there's no proof anywhere that he cites in his opinion that supports these legal conclusions. Thank you. I urge this court to either reverse or vacate the order that was entered here by the hearing officer. And I'll be happy to answer additional questions at the finer level. Thank you. Thank you. Mr. Feldman? I'll make it. As long as you make it with a smile to keep our afternoon going well. You're entitled to that. Thank you. Let's talk. All of these questions are dealt with in detail in the brief. Cases are cited. So I'm really going to respond a little to what the counsel has covered. No transcript. The hearing officer indicated that he wanted to transcribe it rather than having a court reporter. And he asked the parties if that was satisfactory. And both parties agreed to that. Now, any seasoned lawyer or even a novice is aware of the fact that when you agree to no transcript, you essentially are agreeing you're not going to appeal the case. Because the appeal is going to be very difficult in terms of what you want to allege without a transcript. But what happened was after they lost the case, now they've changed their mind. And among other things, they're saying you should reverse this because you should not consider the fact that they waived the transcript. Now, I have cited case after case, including those in footnote, I think it's footnote five, which says you can't do that. You don't even need a waiver. You cannot delay making a decision or act in a way and not raise something and wait until after you've lost the case and then decide that you're going to raise it. That's clear law. The other thing that counsel didn't talk about was the many cases involving mandatory and directive provisions in a statute. And this is covered in detail in the brief. And it applies to this situation and to many of the others. On findings of fact, the issue, according to the cases, is whether there's sufficient findings of fact so that this court on appeal can actually decide what the issues on appeal, whether it should sustain or reverse the decision of the trial examiner. Now, the trial examiner, not the trial examiner, it's the hearing officer in this situation. The hearing officer in this situation based his decision essentially on two things. One was the fact that the examiner, the principal, had decided before the evaluation, tried to seduce the teacher, the psychologist in this case, to leave the district without the necessity of an evaluation. And she gave her a letter, which is in the record, which said that this is the most wonderful psychologist who ever lived, told her, rather than go through this, I'll give you this and why don't you go to some other school. That was one of the grounds that he relied upon. The other ground he relied upon was credibility. Because both the psychologist and the principal testified, he found the principal not credible. Now, obviously, if the record had not been waived, you would have had a lot of testimony there so you could look at it to see if there was any basis for it. But they cannot rely upon the fact, after they indicated they didn't want a record or agreed not to have a record, they can't agree on that. So, in terms of the evidence, there clearly is evidence on this record as to why he decided what he decided, and you can deal with that on appeal. Important here, in terms of the argument Consuelo has made, is the Spangler decision, which is the leading decision in this area. Spangler holds that among the duties of the hearing officer is to determine whether the charges are founded, and if so, whether the gravity of the charges is such that the termination is reasonable. He has the discretionary authority to decide that issue. And if you read the decision of the trial judge here, it is very clear that that's exactly what he did, and that is the reason why he felt that there was no basis in this case to sustain the termination. The consulting teacher issue, the trial judge has an excellent description of what happened with regard to the consulting teacher. The statute does not say that the consulting teacher cannot testify. The statute says that nobody can compel the consulting teacher to testify. And what the trial judge in this case said, he wasn't saying that the consulting teacher had to testify. He was saying that the consulting teacher has certain duties under the statute in the implementation of this procedure, and that the school district put on no evidence whatsoever that the consulting teacher had complied with those duties. Another point which I have made, if I have time to cover it, is in addition to waiving the record, what happened was when they appealed before the trial judge, there were numerous issues they raised, but waived according to the trial judge's decision, because they didn't give or produce any arguments in support of those positions. Those claims have been carried forth to this court, even though the trial judge ruled that they had been waived. Then what was done, the trial judge issued a detailed decision with findings of fact and reasons on every issue that had been presented. In addition to those where she said they had been waived, she has detailed reasons which support her decision that the hearing officer should not be reversed. What Consell has done is on this appeal, in the original appellant's brief, to ignore those arguments, even though I indicated them later when I filed a brief. And Consell says you can ignore those arguments because the review here is a review of the decision of the hearing officer, not a review of the trial court. Consell is correct in that statement, but that has nothing whatsoever to do with the fact that when the arguments are made below, that you can simply ignore them in your original brief and then present them in the reply brief, which is what was done. You will observe that the reply brief in this case is very detailed, and goes way beyond on these types of questions that were involved from the beginning from what is contained in the appellant's original brief. That, under Supreme Court Rule 41, is improper, and the reason obviously is because I don't have a chance to write a responsive brief to anything in the reply brief. And I respectfully submit that what has essentially happened in this case is when they lost the case, they changed their mind and they appealed, and what they did is they delayed making arguments each step along the way coming to this court. Are there any other questions I can respond to? Pardon? The burden of proof. He stated in terms of the statute what his conclusion was. He indicated the reasons for his conclusion, and the reasons were the question of credibility and fraud, and that was the basis upon which he said I can't rely upon the testimony of the principal in this case because of what she did before the procedure started to indicate that she was biased and what her decision was going to be. Those are the grounds he relied upon as satisfying the burden of proof. But his decision is in terms of the statute as to what his findings are on the burden. But these are the reasons why he decided what he did. Anything else? Thank you. I think counsel has a short statement to make. Actually, I think it's going to be Mr. Barrow next. Yes. And if you have any time left over, I'm guessing you're going to defer and give that to Mr. Barrow perhaps? He represents another department. Come on up. You're welcome. Brian Barrow, Assistant Attorney General on behalf of the Illinois State Board of Education and the Hearing Officer. They tell me you have three minutes. Does he have anything else? I will. So you have about three minutes. So I won't talk as fast as I planned to. I want to touch on just a couple of issues. But first I just want to explain sort of the board's limited involvement in these cases. Because we've only briefed two of the issues, and there were some suggestions in the reply brief that I felt that we somehow acquiesced or waived ourselves of some of the other issues raised by the accountants in this case. Generally, the board's involvement in these cases is just to provide a list of hearing officers for the parties. And the hearing officer's decision becomes the final decision. The board doesn't actually render a specific decision. A couple of issues were raised in this case involving procedural issues that affect the board's ongoing cases. And so we thought we should weigh down those two issues. But that shouldn't be taken as any acquiescence or waiver or anything in any of the positions which our co-counsel has ably argued. So I just want to touch on the procedural issues of the failure to the timeliness of the decision and the lack of a transcript of the record. And I just want to point out, first of all, that counsel cites Section 1050C of the APA to say that if an agency doesn't comply with its own statutory provisions, the decision is void. But what this section actually provides is the agency's decision is void if not conducted in compliance with the Governing Act, except to the extent the agency has adopted its own rules. The board has adopted rules involving both the timeliness of the hearing and the provision of the transcript. So that Section 1050C of the APA simply does not apply in this case. So both provisions regarding the timeliness of the hearing and the record in the Section 2412 of the Code, it does say that the hearing officer shall issue the order within 30 days. It does say that the record shall be transcribed. But the statutes provide no negative language prohibiting further actions in the case of noncompliance. The statutes are clearly directory statutes, as we've discussed in the brief. In the case of the timeliness of the decision-making process, the statute actually provides specific consequences. It says if the hearing officer doesn't do this within 30 days, they'll be struck on the master list of officers. And if it's not provided within three months, then the parties get a whole new hearing officer to hear the case. But there's nothing that says the decision is somehow void or jurisdiction is lost. In fact, Section 2412 does go on to say that the board shall not use jurisdiction, meaning the local board, to discharge a teacher if the hearing officer fails to operate the decision. What do you say is the burden of proof on the hearing officer? I mean, the hearing officer has to consider what burden of proof. I think the burden of proof, I think the hearing officer, that's more of an issue of merits, but I will speak to that, because I think the hearing officer, if you look at the last page of his decision, he does say the employer has failed to prove the respondent, has failed to satisfy or complete the remediation plan pursuant to Section 2485 of the Illinois School Code. That's the correct burden of proof, and that's what the burden would be applied, we believe. So... A-5. 2485 of the Illinois School Code. So the, neither of the, a failure to comply with neither of the time-out decisions, nor the failure to provide a transcript, should, is a jurisdictional flaw in these proceedings. It doesn't mean that the decision should be void or necessarily should be reversed. In addition, as counsel has already pointed out, the district's counsel, I mean, I would suggest they did more than just simply waive the issue of transcription. I mean, this almost raises the level of invited error. They acquiesced in the proceedings of the hearing without a court reporter. I think that's, you can see the affidavit of the hearing officer, it's C-767 of the record. I would urge the court to read that. The hearing officer says, prior to the initiation of the dismissal proceeding, I asked the parties if either party had requested a court reporter. There was no report after the order. He informed the parties they would digitally record the proceedings, and both parties agreed to this. Both parties agreed to this procedure. It was never objected to, and I don't think at this point the losing party here can now, you know, say this was somehow error in these proceedings. I'll just also think that the Creamer case counsel cites two as inapplicable, because there the parties failed to include in a record mental health reports that were part of the administrative record. That's completely different from this case where they've acquiesced in the fact that no transcript was provided. So that's all I have. If the court has no other questions, I would just ask that the board's decision be adopted. Thank you. There was an awful lot there I wanted to respond to, so I apologize if I talk a little quickly here. With respect to the transcript, first off, other than this inadmissible affidavit from the hearing officer, they have no proof that we agreed to anything. Second off, let me read to you the statute from the school code. The school code explicitly provides that the hearing officer shall cause a record of the proceedings to be kept and shall employ a competent recorder to take stenographic or stenotype notes of all the testimony. You're not accusing the hearing officer of providing a false affidavit to the second court, are you? I don't know, because I wasn't at the hearing below. I mean, all I know is that that affidavit should not be considered because it's not a proper part of the record. It shouldn't either. So I can't comment upon what he said as affidavit or what he didn't say as affidavit because it's not appropriately considered by this court or by the circuit court for that matter. So, again, let me get back to the statute. The statute indicates that's something you cannot waive. Now, you might mention something about the AG's office mentioned something about the rules of the agency. The rules can't conflict with the statute. This comes from the statute. So, again, I'd argue the written transcript issue here alone is sufficient to overturn it. You know that affidavit isn't sort of like in the nature of a semi-bystander report. I mean, we get bystander reports when there's not a record. Yeah, but that's code of civil procedure allows for bystander reports. What we're dealing with here doesn't allow for bystander reports. What we're dealing with here requires stenographic record. Otherwise, they're acting beyond their jurisdiction as an agency. So I'd argue that's the distinction. Not only that, but with the bystander report, we're going back and forth. Is there a case that says that whether or not there's a record in any kind of hearing, that's jurisdictional? It seems jurisdictional is a very different kind of concept than whether or not. What I would point the court to and direct your attention to are the cases that I said in my brief that pertain to agency jurisdiction. The closest that we come to a case dealing with an inappropriate record is that Craneworth case, where the record wasn't. Now, in that case, it was a little different, because in that case, the record was there. It just wasn't made part of the record. Here, the record was never even made. There's a small distinction, but the bottom line is, without the record that was supposed to be there before the administrative agency, we can't review it. If we can't review it, it needs to get sent back. So that's my point with respect to the record. Isn't that an argument that you have a person waive it, go ahead with the hearing, you don't like the result, and now you sandbag the other side? Otherwise, you could have objected in the beginning and said, I want a record. I don't think there's proof here in the record that that's what occurred here. What do you think happened here? What I think doesn't matter. All we're dealing with is what we have on tape. Nor can I comment on what we have on tape. I mean, all we know is that both sides went forward with the hearing. We know that. Well, that's true. But, I mean, for all we know, the guy was going to transcribe the proceedings. We don't know. He never did. So, I mean, we do know that both sides participated in the hearing. That's correct. We know that. That's correct. Let me move past that, though, and briefly touch upon a couple other things. With respect to whether it's mandatory, directive, you know, on the 30 days issue, I'll put that aside. But with respect to larger issues as to whether the requirements in the school code say pertaining to the transcript and the other things that I mentioned, are they mandatory? I mean, here. Are there other requirements we need to talk about here today when we consider the exhibits that are part of this record, the reports that the hearing officer, you say, failed to consider? Is there anything in those reports prepared by the principal or the other administrator that documents this consulting teacher gave constructive input to the counselor to improve her performance? First, there is proof, if you look at the documents, that the consulting teacher was employed. Is there proof she was qualified according to the statute? That's not even an issue. I mean, I can tell you that, yes, she was qualified. It is an issue for the remediation plan, to be fair, that she be qualified. And there's nothing in the exhibits showing her qualifications or her participation. That's because the other side never made an issue of it. I mean, she was a qualified teacher and a qualified person to be a consultant. You know, the focus during his argument on whether the consulting teacher complied with her obligations, I don't see proof of that in the record, number one. And number two, if you read what he wrote, he wrote, as to the lack of any evidence from the consulting teacher, this is directly contrary to the requirements of the Illinois School Code, he's exactly wrong. The lack of evidence from the consulting teacher. What he's doing there is he's requiring the consulting teacher to come in and testify. That's specifically against what the school code says. What I see here is we have dueling interests. We have the school that wants to have a fair hearing before the hearing officer, and we have a tenured teacher here who's entitled to due process before she loses her employment. So these procedural glitches you're talking about during the hearing, there's also, I think, in this record, a lot of procedural glitches in the remediation plan. And to me, I'd like you to address why the hearing officer's finding that the mediation process itself is unfair is unsupported by this record, that we have the physical documents in this record. The physical records that we have in this record, documents that we have in this record, show that the remediation plan was complied with. We don't have any basis upon which he can say that the remediation plan was faulty, nor did the other side even raise that, either before the hearing officer or the circuit court level or here. You know, we heard an allusion to bias, but that's not the argument that was raised below. I think the proper... If the principal certified in this glowing letter dated May 16, 2009, that she's a great counselor, you should hire her. I highly recommend her. And then by December 1st of the same year, the next school year, I presume, she's giving her an unsatisfactory evaluation in five categories. By the end of the remediation process, on June 23rd, after the remediation process, this teacher has been rated as unsatisfactory in 23 areas. So in other words, she went down. It was the worst she had ever been evaluated after the remediation process. How can you now argue that that was a fair remediation? Well, I think it's easy, because that letter obviously preceded well before the remediation process. So she was good in May, started remediation in December, and she was horrible after remediation. I think we saw some in the record today. I recall seeing something along the lines of the hearing officer indicating that Ms. Reed did this with the intent of helping the teacher, helping the psychologist land a different job. I'd argue that if she's trying to help her land a different job, that goes against defining a bias. She's trying to help this person. Why does that indicate that she's out to get her? It's not. The hearing officer found the principal's credibility to be weakened by that letter, because your position is the letter wasn't true. I think, and I'd ask the court to take another look at what he specifically found. I think we saw some glossing over of what the hearing officer's opinion actually says earlier. I don't think he says that. I think what he does is he says, he said, she said, and at the end he says, ah, you know, I decided this way. But he makes no specific findings of fact. He jumps to a conclusion without telling us what the specific evidentiary matters are that he's looking at to arrive at that conclusion. And that's exactly what's needed here, as was done in Spangler. Spangler, I'd be happy to answer any additional questions. There were a couple of additional points I had, but obviously I can rest on my breeze with respect to those. Are there any additional questions? No. Thank you very much. Okay. We will be taking this matter under advisement. I appreciate the input of all three attorneys here today. We're a pretty spirited court, and I know there's a lot of questions that were sent out for you to field. So we will be taking a short recess for our panel.